**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1401**

In re:  MT. HAWLEY INSURANCE COMPANY,

Petitioner.

On Petition for Writ of Mandamus.  (9:15-cv-00304-DCN)

Submitted:  April 11, 2018                                    Decided:  July 25, 2019

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition granted, stay order vacated, and remanded with instructions by unpublished per curiam opinion.

C. Mitchell Brown, William C. Wood, Jr., Blake T. Williams, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina; Andrew K. Epting, Jr., ANDREW K. EPTING, JR., LLC, Charleston, South Carolina, for Petitioner.  Michael A. Timbes, Jesse A. Kirchner, THURMOND KIRCHNER TIMBES & YELVERTON, PA, Charleston, South Carolina, for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiffs commenced this action against Mt. Hawley Insurance Company, alleging that Mt. Hawley, in refusing to defend and indemnify its insured with respect to claims covered by its insurance policies, breached its insurance contract, acted in bad faith, and was unjustly enriched. The action was initially commenced in state court but was removed to federal court based on diversity jurisdiction.

During discovery, the plaintiffs requested files from Mt. Hawley that, as Mt. Hawley asserted, included documents covered by the attorney-client privilege. After the plaintiffs filed several motions to compel, the district court ordered production of the documents, reasoning that Mt. Hawley, in contesting liability on the claim of bad faith and asserting affirmative defenses in its answer, placed bad faith at issue, thereby waiving its attorney-client privilege.

Because compliance with the district court's order would destroy the benefits of the privilege, Mt. Hawley filed this petition for a writ of mandamus and, alternatively, a motion to certify the waiver issue to the Supreme Court of South Carolina. It also filed a motion to stay proceedings in the district court relating to discovery of the privileged documents. It claimed that it had no other adequate means to protect the privileged information.

By order dated May 29, 2018, we held in abeyance Mt. Hawley's petition for a writ of mandamus, pending our certification of the issue to the Supreme Court of South Carolina. We also stayed discovery in the district court insofar as it would implicate the

attorney-client issue. We then issued an order of certification dated June 28, 2018, requesting the Supreme Court of South Carolina to answer the question:

> Does South Carolina law support application of the "at issue" exception to the attorney-client privilege such that a party may waive the privilege by denying liability in its answer?

With its opinion No. 27892, dated June 12, 2019, the Supreme Court of South Carolina responded to our request with this answer:

> We therefore answer the certified question from the United States Court of Appeals for the Fourth Circuit by holding that a denial of bad faith and/or the assertion of good faith in the answer does not, standing alone, place a privileged communication "at issue" in a case such that the attorney-client privilege is waived.

> Accordingly, we now grant Mt. Hawley's petition for a writ of mandamus, vacate our stay order, and remand to the district court with instructions to conduct discovery of alleged attorney-client matters in accordance with the South Carolina Supreme Court's opinion, which governs in this case.

IT IS SO ORDERED.